UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE ANCIENTREE CABINET CO., LTD<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 24-223 |

# COMPLAINT

On behalf of The Ancientree Cabinet Co., Ltd., ("Ancientree" or "Plaintiff"), we hereby bring this civil action and allege the following:

## Parties

1. Plaintiff is a Chinese producer and exporter of merchandise subject to the antidumping Order on Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China and was a mandatory respondent in the countervailing administrative review for the period January 1, 2022 through December 31, 2022.

2. Defendant is the United States of America acting by and through the U.S. Department of Commerce (the "Department").

## Jurisdiction

3. This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (2)(B)(iii) to contest the Department's final results of the administrative review under 19 U.S.C. §1675. *See Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Final Results of the Countervailing Duty Administrative Review; 2022*, 89 Fed. Reg.

88,962 (November 12, 2024*)*.

4.  Accordingly, this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

### Standing

3.  Plaintiff is a foreign exporter of the subject wooden cabinets and vanities. Accordingly, plaintiff qualifies as an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

4.  In addition, because the Department's Final Results overstated Plaintiff's countervailing duty margin, Plaintiff has been adversely affected or aggrieved by agency action within the meaning 5 U.S.C. § 702. Therefore, Plaintiff has standing to bring this action under 28 U.S.C. § 2631(c).

### Timeliness

5.  Notice of the Final Results was published in the Federal Register on November 12, 2024. Plaintiff filed the summons instituting this action on December 7, 2023, *i.e.*, within 30 days of publication of the Final Results, serving notice of the action upon all other participants in the investigation on the same date. Thirty days from December 12, 2024 is January 11, 2025, and the next business day is January 13, 2025. Accordingly, Plaintiff is timely filing this complaint and has commenced this action within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

### Statement of Facts

6.  On June 12, 2023, the Department initiated the third administrative review of the countervailing duty order on Wooden Cabinets from China. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 38,021 (June 13, 2023) (Initiation

Notice).

7. The Department selected Ancientree and Yixing Pengjia Cabinetry Co., Ltd. (Pengjia) as mandatory respondents. *See* Dep't of Commerce, Memorandum re: *Respondent Selection* (August 16, 2023); *see also* Dep't Fourth Respondent Selection Memorandum (November 13, 2023) (selecting Pengjia has a replacement respondent after two other companies declined to participate).

8. Ancientree timely responded to all questionnaire responses. In its Section III questionnaire response, Ancientree responded to the Department's questions regarding the Export Buyer's Credit Program ("EBC") confirming that none of Risen's customers benefitted from this program. Ancientree explained that as the exporter, Ancientree is in a position to know with certainty whether any of its customers used this program. Further, Ancientree, despite the Department never requesting certifications from its customers, provided certifications from all of its customers certifying non-use. *See* Ancientree Sec. III (October 19, 2023) at 19-20 & Exhibit 15. The Department subsequently issued an EBC questionnaire to Ancientree, requesting additional information from its customers on financing received. *See* Ancientree EBC Supp Qre (February 29, 2024). Ancientree was only able to obtain answers to this detailed financial questionnaire from some of its unaffiliated customers, but the customers represented a majority of Ancientree's POR sales.

9. Pengjia only had one customer and was able to provide a non-use certification in its initial questionnaire and a full supplemental EBC questionnaire from this customer.

10. In the Preliminary Results, the Department assigned the 6.28 percent total adverse facts available rate for the EBC program to Ancientree, even though the Department acknowledged that Ancientree submitted evidence to the effect that (1) Ancientree never applied

3

for subsidies under EBC program for itself or for its customers, (2) Ancientree's U.S. customers attested to the fact that they never used the EBC, and (3) the majority of Ancientree's U.S. customers provided further support for their non-use by responding to the EBC supplemental questionnaire.  Based on Pengjia's EBC questionnaire response, the Department found that Pengjia did not use this program.

11. Ancientree timely filed a case brief, arguing that the Department cannot use AFA to find that Ancientree used the EBC program merely because the Government of China failed to provide a copy of the alleged China Ex-Im Bank's internal guidelines from 2013 or supply a list of the alleged partner banks/third-party institutions, which the Court of International Trade has ruled in numerous cases is not "necessary information."  The record only supports a finding of non-use for all customers.  Further, Ancientree argued that the Department acted contrary to law by not at a minimum finding that any supposed "gap" of necessary information was filled with respect to the customers that did provide responses to the EBC supplemental questionnaire.  For those customers, Ancientree argued, the Department has no basis to fine use of the EBC program.

12. In the Final Results the Department continued to apply AFA for the EBC program for Ancientree.

13.     This appeal ensued.

## COUNT I

14. Plaintiff hereby incorporates, by reference, paragraphs 1 through 13 above.

15. The Department's application of AFA with respect to Ancientree's use of the EBCP is unsupported by substantial evidence and is not in accordance with the law.  19 U.S.C. §

1516a(b)(1)(B)(i) (the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . ..").

16. Ancientree demonstrated that it did not use the EBCP, nor did its U.S. customers use the EBCP. The record does not contain any evidence to the contrary. As such, the Department's conclusion that Ancientree used the EBCP is unsupported by substantial evidence. Furthermore, the Department's determination is not in accordance with the law because the Court of International Trade has found in numerous cases that the Department cannot apply AFA to this program when all parties involved, namely – the Government of China, the Chinese exporter, and the U.S. customer(s) – all attested to non-use of the program and when there is no necessary information missing from the record. *See Yama Ribbons & Bows Co. v. United* States, 2019 Ct. Intl. Trade LEXIS 174; Slip Op. 19-173 (Dec. 30, 2019); *Changzhou Trina Solar Energy Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 138, Slip Op. 19-143 (Nov. 18, 2019) ("*Changzhou V*"); *Changzhou Trina Solar Energy Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 138, Slip Op. 19-137 (Nov. 8, 2019) ("*Changzhou IV*"); *Changzhou Trina Solar Energy Co. v. United States*, 2018 Ct. Intl. Trade LEXIS 179, Slip Op. 18-167 (Nov. 30, 2018) ("*Changzhou III*"); *Changzhou Trina Solar Energy Co. v. United States*, 352 F. Supp. 3d 1316, Slip Op. 2018-166 (C.I.T. 2018) ("*Changzhou II*"); *Changzhou Trina Solar Energy Co. v. United States*, 255 F. Supp. 3d 1312 (C.I.T. 2017) ("*Changzhou I*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 172; Slip Op. 19-171 (December 26, 2019) ("*Guizhou Tyre V*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 156; Slip Op. 19-155 (December 10, 2019) ("*Guizhou Tyre IV*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 114, Slip Op. 2019-114 (August 21, 2019) ("*Guizhou Tyre III*"); *Guizhou Tyre Co. v. United States*, 2019

Ct. Intl. Trade LEXIS 58, Slip Op. 19-59 (May 15, 2019) ("*Guizhou Tyre II*"); *Guizhou Tyre Co. v. United States*, 348 F. Supp. 3d 1261 (C.I.T. 2018) ("*Guizhou Tyre I*"); *Jiangsu Zhongji Lamination Materials Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 122, Slip Op. 19-122 (Sep. 18, 2019); *Clearon Corp. v. United States*, 359 F. Supp. 3d 1344 (C.I.T. 2019).

## COUNT II

17.     Plaintiff hereby incorporates, by reference, paragraphs 1 through 16 above.

18.     The Department's application of AFA and find use of the EBCP with respect to the customers that provided EBC supplemental questionnaire responses is unsupported by substantial evidence, not in accordance with the law, and arbitrary.  19 U.S.C. § 1516a(b)(1)(B)(i) (the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . ..").

19.     The majority of Ancientree's customers by value provided responses to the Department's EBC supplemental questionnaire.  This information further corroborates their statements of non-use.  There is no missing information to establish non-use of the EBC for these customers.  Accordingly, in the same manner that the Department found non-use for Pengjia and its customer that provided an EBC response, the Department must find non-use for Ancientree's customers that provided an EBC response. *SKF USA Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2001) (It is well-established that "[a]n agency action is arbitrary when the agency offers insufficient reasons for treating similar situations differently.").  The Court has already previously found that the Department has no basis to find use of the EBC program when they have provided all information requested by the Department, i.e. in this case, the EBC questionnaire, and ordered the Department to apply customer specific instructions removing the

EBC rate for those cooperating companies. *Dalian Meisen Woodworking Co., Ltd. v. United States*, 719 F. Supp. 3d 1322, 1337-38 (Ct. Int'l Trade 2024).

*   *   *

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the defendant:

(1) Declaring that the Department's determination to apply AFA and to find that Plaintiff used the EBCP was not supported by substantial evidence and not in accordance with the law;

(2) Declaring that the Department determination to apply AFA and find use of the EBCP with respect to the customers that provided EBC supplemental questionnaire responses was not supported by substantial evidence, arbitrary, and not in accordance with the law; and

(3) Providing any additional relief as may be just in the circumstances.

Respectfully submitted,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
Alexandra H. Salzman
Vivien Jinghui Wang
**DEKIEFFER & HORGAN, PLLC**
1156 Fifteenth Street, N.W.  20005
Suite 1101
Tel: (202) 783-6900
Fax:  (202) 783-6909
email:  gmenegaz@dhlaw.com

Dated:  January 13, 2025