UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE

| | |
|---|---|
| THE ANCIENTREE CABINET CO., LTD ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> Defendant. ) <br> ) <br> and ) <br> ) <br> AMERICAN KITCHEN CABINET ALLIANCE, ) <br> Defendant-Intervenor ) | Court No. 24-223 |

**Plaintiff's Statement of the Issues**

A.  Issue Number 1: Export Buyer's Credit AFA

1. Statement of the Issue:

The Department erred in finding that Ancientree benefitted from the Export Buyer's Credit Program ("EBCP") is based on adverse facts available.

2. Type of Claim, Statutory Provisions Application, and Standard of Review:

Legal:  Under 19 U.S.C. § 1677e(a), the ITA can only select from facts otherwise available when a party to a proceeding withholds or fails to provide "necessary information" that the Department requested. *See also Nippon Steel Corp. v. United States*, 337 F.3d 1373, 1382 (Fed. Cir. 2003). The Court of International Trade has found in numerous cases that the Department cannot apply AFA to this program when all parties involved, namely – the Government of China, the Chinese exporter, and the U.S. customer(s) – all attested to non-use of the program and when there is no necessary information missing from the record.  *See*, e.g., *Yama Ribbons & Bows Co. v. United* States, 2019 Ct. Intl. Trade LEXIS 174; Slip Op. 19-173

(Dec. 30, 2019); *Changzhou Trina Solar Energy Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 138, Slip Op. 19-143 (Nov. 18, 2019)

Factual:  Ancientree demonstrated that it did not use the EBCP, nor did its U.S. customers use the EBCP.  The record does not contain any evidence to the contrary.

B. Issue Number 2: Export Buyer's Credit AFA for Particular Customers

1. Statement of the Issue:

The Department erred in finding that Ancientree benefitted from the EBCP as adverse facts available with respect to the customers that provided EBC supplemental questionnaire responses.

2. Type of Claim, Statutory Provisions Application, and Standard of Review:

Legal: Under 19 U.S.C. § 1677e(a), the ITA can only select from facts otherwise available when a party to a proceeding withholds or fails to provide "necessary information" that the Department requested. *See also Nippon Steel Corp. v. United States*, 337 F.3d 1373, 1382 (Fed. Cir. 2003).  The Court has already previously found that the Department has no basis to find use of the EBC program for customers that have provided all information requested by the Department, i.e. in this case, the EBC questionnaire.  *Dalian Meisen Woodworking Co., Ltd. v. United States*, 719 F. Supp. 3d 1322, 1337-38 (Ct. Int'l Trade 2024).  Further, the Department acted arbitrarily when it found non-use for the other mandatory respondent, Pengjia, when its customer provided the EBC questionnaire but not for Ancientree's customers.  *SKF USA Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2001) (It is well-established that "[a]n agency action is arbitrary when the agency offers insufficient reasons for treating similar situations differently.").

Factual: The majority of Ancientree's customers by value provided responses to the Department's EBC supplemental questionnaire.  There is no missing information to establish non-use of the EBC for these customers.  Accordingly, in the same manner that the Department found non-use for the other mandatory respondent, Pengjia, and its customer that provided an EBC response, the Department must find non-use for Ancientree's customers that provided an EBC response.

                                      Respectfully submitted,

                                      /s/ Gregory S. Menegaz
                                      Gregory S. Menegaz
                                      Alexandra H. Salzman
                                      Vivien Jinghui Wang
                                      **THE INTER-GLOBAL TRADE LAW GROUP, PLLC**
                                      1156 Fifteenth Street, N.W. Suite 1101 20005
                                      Tel: (202) 868-0300
                                      email:  gmenegaz@igtlaw.com
                                      ***Counsel to Plaintiff***

Dated: March 26, 2025