IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE

_____
|  |  |
|---|---|
| THE ANCIENTREE CABINET CO., LTD, | ) |
| Plaintiff, | ) |
| and | ) |
| CRAFT33 PRODUCTS, LLC, | ) Consol. Court No. 24-00223 |
| Consolidated Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| AMERICAN KITCHEN CABINET ALLIANCE, | ) |
| Defendant-Intervenor. | ) |

_____)

**<u>ORDER</u>**

Upon consideration of defendant's motion for a voluntary remand and all other pertinent papers, it is hereby

ORDERED that defendant's motion for voluntary remand is GRANTED; and it is further

ORDERED that the Department of Commerce shall submit a remand redetermination within 90 days of this Order.

Dated: _____          _____
       New York, New York                                                  Judge

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE

| | |
|---|---|
| THE ANCIENTREE CABINET CO., LTD, <br><br>  Plaintiff, <br><br> and <br><br> CRAFT33 PRODUCTS, LLC, <br><br>  Consolidated Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br>  Defendant, <br><br> and <br><br> AMERICAN KITCHEN CABINET ALLIANCE, <br><br>  Defendant-Intervenor. | Consol. Court No. 24-00223 |

**DEFENDANT'S MOTION FOR VOLUNTARY REMAND**

Pursuant to Rule 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court remand this action to allow the Department of Commerce to reconsider the application of facts available with an adverse inference to calculate the benefit to plaintiff, The Ancientree Cabinet Co. (Ancientree), under the Export Buyer's Credit Program.

We have consulted with all parties regarding this motion. On September 25, Alexandra Salzman indicated that plaintiff Ancientree consents to the voluntary remand, and Luke Meisner indicated that defendant-intervenor, American Kitchen Cabinet Alliance, does not consent to the

voluntary remand "as {the American Kitchen Cabinet Alliance} support{s} Commerce's application of {adverse facts available} in the final results and, therefore, believe{s} a remand is unwarranted." On September 29, 2025, Ronald Baumgarten indicated that consolidated plaintiff Craft33 Products, LLC (Craft33) consents to the voluntary remand with the expectation that Commerce will address its company-specific claims. If the Court denies this motion for voluntary remand, we respectfully request that the Court extend the deadline to respond to plaintiff's and plaintiff-intervenor's motions for judgment on the administrative record until 21 days after the Court's order on this motion. All parties consent to this alternative relief.

STATEMENT OF FACTS

This case involves the third administrative review of the countervailing duty order covering wooden cabinets and vanities and parts thereof from China. The period of review is January 1, 2022, through December 31, 2022.

I.  Commerce Issues The Preliminary Results

On May 2, 2024, Commerce published the preliminary results of the administrative review. *Wooden Cabinets and Vanities and Components Thereof*, 89 Fed. Reg. 35,782 (Dep't of Commerce, May 2, 2024) (preliminary results) (P.R. 303), and accompanying Preliminary Decision Memorandum (PDM) (P.R. 294). Commerce selected Ancientree as one of the mandatory respondents, PDM at 2, and preliminarily determined a net countervailable subsidy rate of 14.23 percent *ad valorem* for Ancientree, *see* 89 Fed. Reg. at 35,783.

Among other programs, Commerce preliminarily determined that the Export Buyer's Credit Program—which provides loans to customers from the Export-Import Bank of China—conferred a countervailable subsidy to Ancientree. PDM at 17-19, 45-46. The government of China refused to provide Commerce with certain information about this program, including the

2

2013 Revisions of the Administrative Measures and the list of partner/correspondent banks used to disburse funds. PDM at 18; *see also* Government of China Questionnaire Resp. at 147-57 (P.R. 90). Commerce preliminarily determined that the government of China withheld necessary information and impeded Commerce's ability to analyze the program, justifying the use of facts available. PDM at 18; *see also id.* (citing section 776(a) of the Tariff Act of 1930, as amended, codified at 19 U.S.C. § 1677e(a)). Commerce also preliminarily determined that the government of China failed to cooperate to the best of its ability, and thus applied an adverse inference when selecting among the facts available. PDM at 17-18 (citing section 776(b) of the Tariff Act of 1930, as amended, codified at 19 U.S.C. § 1677e(b)).

Although the government of China failed to respond to certain requests for information, Ancientree provided certifications from each of its U.S. customers certifying non-use of the Export Buyer's Credit Program. PDM at 19; *see also* Ancientree Questionnaire Resp. at 19-20 (P.R. 116). Commerce issued a supplemental questionnaire to Ancientree's U.S. customers requesting additional information regarding their financing activities. *See* PDM at 19. Ancientree provided a partial response, but some of its U.S. customers failed to respond to the supplemental questionnaire. PDM at 19; *see also* Ancientree Export Buyer's Credit Supp. Questionnaire Resp. at 1-3 (P.R. 173, C.R. 132).

Commerce preliminarily determined "that Ancientree's incomplete information did not cure the record deficiencies from the {government of China's} lack of full cooperation." PDM at 19. Thus, applying an adverse inference with respect to Ancientree, Commerce preliminarily determined that Ancientree used the Export Buyer's Credit Program and "received a specific financial contribution that benefitted Ancientree." PDM at 19. As an adverse inference,

3

Commerce applied the highest calculated rate for a same or similar program in the investigation. *See* PDM at 46.

II.    Commerce Issues The Final Results And Continues To Countervail The Export Buyer's Credit Program

Ancientree submitted a timely case brief challenging (among other things) Commerce's analysis regarding the Export Buyer's Credit Program. Ancientree Case Brief at 4-8 (P.R. 316). Ancientree argued that Commerce should find non-use of the program and, in the alternative, should proportion the rate to account for the approximately 61.5% of customers by sales value that completed the supplemental responses requested by Commerce. *Id*. Craft33, a domestic importer and U.S. customer of Ancientree, filed a letter arguing "that Ancientree did not benefit" from the Export Buyer's Credit Program or, alternatively, that Ancientree did not benefit from this program with respect to customers that provided answers to Commerce's supplemental questionnaire. Craft33 Ltr. at 1-2 (P.R. 313). The petitioner, American Kitchen Cabinet Alliance, argued that Commerce should continue to apply facts available with an adverse inference (AFA). *See* Rebuttal Br. at 10-11 (P.R. 320).

Commerce published the final results on November 12, 2024. *See Wooden Cabinets and Vanities and Components Thereof*, 89 Fed. Reg. 88,962 (Dep't of Commerce, Nov. 12, 2024) (final results) (P.R. 340), and accompanying Issues and Decision Memorandum (IDM) (P.R. 336). Commerce determined a net countervailable subsidy rate of 11.99 percent *ad valorem* for Ancientree. 89 Fed. Reg. at 88,962. In the final results, Commerce continued to apply an adverse inference to determine that Ancientree used and benefited from the Export Buyer's Credit Program. *See* IDM at 15-17.

Commerce explained that "Ancientree's voluntary efforts to overcome the {government of China's} deficiencies in this case failed to produce information sufficient to fill the gaps in the

4

record" essential to determine non-use. IDM at 15. As Commerce explained, it issued supplemental questionnaires to Ancientree and the other mandatory respondent, Pengjia, including questions concerning respondents' U.S. customers' financing activities. IDM at 16. "Ancientree was unable to provide information for all of its customers, while Pengjia was able to provide such information." IDM at 16 (citations omitted). Commerce determined that Ancientree's inability "to provide complete questionnaire responses from all of their U.S. customers" prevented further steps (such as additional questions or verification) "to find and confirm non-use." IDM at 16. Accordingly, Commerce determined that Ancientree's responses were "inadequate to fill in the record gaps resulting from the {government of China's} failure to cooperate by not acting to the best of its ability and, thus, find that Ancientree used and benefited from this program." IDM at 16.

III.   Ancientree And Craft33 File Suit

Ancientree and Craft33 filed suit in this Court. In its motion for judgment on the agency record, Ancientree argues that there was no gap in the administrative record and, thus, Commerce had no basis to find that Ancientree used the Export Buyer's Credit Program. Ancientree Br. at 5, 13, ECF No. 35. In the alternative, Ancientree argues that "at a minimum," Ancientree's customers that completed the supplemental questionnaire did not confer a benefit to Ancientree. *Id.* at 11 (capitalization altered); *see also id.* at 13-14. Craft33 argues that "Commerce's application of AFA to Craft33 is contrary to law" and that Commerce "ignored substantial evidence of Craft33's non-use" of the program. Craft33 Br. at 14-16, ECF No. 34 (capitalization altered).

ARGUMENT

I.    Standard Of Review

Commerce may, without confessing error, ask the Court to remand a matter so that Commerce may reconsider its prior position. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). The U.S. Court of Appeals for the Federal Circuit has outlined multiple scenarios in which an agency may seek a remand, including because (a) the agency wishes to reconsider its decision in light of intervening events outside of the agency's control; (b) the agency believes that its original decision was incorrect on the merits and wishes to change the result, or (c) even without an intervening event, the agency wishes to reconsider its previous position, without confessing error. *Id.* at 1028-1029. A voluntary remand to an agency is generally appropriate if the agency's concern is substantial and legitimate. *Id.* at 1029; *see also Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013); *SeAH Steel Corp. v. United States*, 704 F. Supp. 2d 1353, 1378-1379 (Ct. Int'l Trade 2010).

"{C}oncerns are considered substantial and legitimate when (1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013) (citation omitted). Likewise, clarifying and correcting a potentially inaccurate determination is a compelling justification for voluntary remand. *Id.* (citation omitted).

II.   A Voluntary Remand Is Warranted To Allow Commerce To Reconsider Application Of Adverse Facts Available With Respect To The Export Buyer's Credit Program

We respectfully request a voluntary remand, without confessing error, for Commerce to reconsider its application of adverse facts available to determine that Ancientree benefitted from the Export Buyer's Credit Program.

A.   Substantial And Legitimate Concerns Support Commerce's Request For Voluntary Remand

"{A} remand is usually appropriate" if the concern articulated by the agency "is substantial and legitimate." *SKF*, 254 F.3d at 1029. That is the case here. Commerce's consideration of the Export Buyer's Credit Program in this administrative review follows its analysis of the same program in the underlying investigation, which the Court reviewed in *Dalian Meisen Woodworking Co., Ltd. v. United States*, Ct. No. 20-00110. In *Dalian Meisen*, the Court ordered three remands for Commerce to correct multiple aspects of its analysis regarding the Export Buyer's Credit Program and ultimately sustained Commerce's third remand results in June 2025. *Dalian Meisen Woodworking Co. v. United States*, No. 20-00110, 2022 WL 1598896 (Ct. Int'l Trade May 12, 2022) (*Dalian I*); *Dalian Meisen Woodworking Co. v. United States*, No. 20-00110, 2023 WL 3222683 (Ct. Int'l Trade Apr. 20, 2023) (*Dalian II*); *Dalian Meisen Woodworking Co. v. United States*, 719 F. Supp. 3d 1322 (Ct. Int'l Trade 2024) (*Dalian III*); *Dalian Meisen Woodworking Co. v. United States*, -- F. Supp. 3d --, No. 20-00110, 2025 WL 1663097, at *1 (Ct. Int'l Trade June 12, 2025) (*Dalian IV*). No party appealed the Court's final decision in *Dalian IV*.

In *Dalian I*, the Court reviewed Commerce's final determination applying adverse facts available to conclude that the Export Buyer's Credit Program "was countervailable," "that Ancientree's U.S. customers used" the program to finance purchases of subject merchandise, and

7

that Ancientree "had benefited from the Program." *Dalian IV*, 2025 WL 1663097, at *4 (citations omitted). The Court remanded and ordered Commerce to either "find a practical solution to verify the non-use information on the record" or exclude the subsidy rate for the Export Buyer's Credit Program. *Dalian IV*, 2025 WL 1663097, at *5 (citing *Dalian I*, 2022 WL 1598896, at *11). On remand, Commerce reopened the record issued a supplemental questionnaire and received "complete information for some, but not all, of Ancientree's U.S. customers." *Dalian IV*, 2025 WL 1663097, at *6 (citations omitted). Without complete responses from all U.S. customers, Commerce deemed it "futile to attempt to verify *any* of the non-use information placed on the remand record." *Id.* (citations omitted). In *Dalian II*, the Court remanded Commerce's use of facts available with respect to Ancientree, ordering that "on remand, Commerce attempt to verify Ancientree's submissions to the extent the Department finds appropriate." *Id.* (citing *Dalian II*, 2023 WL 3222683, at *6-7).[1]

In the second remand results, Commerce verified that eight of Ancientree's customers did not use the Export Buyer's Credit Program, but concluded that, overall, verification was unsuccessful because Commerce was unable to verify non-use of the program for more than 70% of Ancientree's customers. *Dalian IV*, 2025 WL 1663097, at *7 (citations omitted). In *Dalian III*, the Court remanded again, ordering that "for each customer whose non-use of the Program was verified Commerce must determine a customer-specific rate that excludes a subsidy amount for the Program, and recalculate Ancientree's total rate, and the all-others rate." *Id.* at *11 (citing *Dalian III*, 719 F. Supp. 3d at 1337-1338).

---

[1] Notably, the Court highlighted that unlike in reviews, "in investigations Commerce is directed by statute to verify 'all information relied upon in making ... a final determination.'" *Dalian III*, 719 F. Supp. 3d at 1335 (quoting 19 U.S.C. § 1677m(i)(1)). This case involves an administrative review.

The Court sustained Commerce's third remand results. *Dalian IV*, 2025 WL 1663097, at *11-12, 23. Commerce determined a subsidy rate for imports of subject merchandise sold to Ancientree's customers whose non-use of the program had been verified, and continued to include the 10.54% subsidy rate for the Export Buyer's Credit Program for imports sold to other customers. *Id*. Commerce then recalculated Ancientree's total subsidy rate and the all-others rate and adjusted the customer-specific rate to account for the export subsidy offset in the parallel antidumping duty proceeding. *Id*. at *11-13. This Court sustained Commerce's decision. *Id*. at *23.

In this review, Commerce indicated that its approach of issuing supplemental questionnaires was "consistent with {Court of International Trade} precedent{.}" IDM at 15 (citing *Guizhou Tyre v. United States*, 348 F. Supp. 3d 1263, 1271 (Ct. Int'l Trade 2018)). However, Commerce's determination of benefit with respect to customers that completed supplemental questionnaires is at odds with this Court's decisions in *Dalian* and other cases. *See, e.g.*, *Risen Energy Co., Ltd. v. United States,* 665 F. Supp. 3d 1335, 1340-1341 (Ct. Int'l Trade 2023) (*Risen III*) (quoting *Risen Energy Co. v. United States*, No. 20-03912, 2023 WL 2890019, at *5 (Ct. Int'l Trade Apr. 11, 2023) (*Risen II*)) (explaining that in *Risen II*, the Court "that, if verification were successful, Commerce 'should either accept the *pro rata* adjustment sought by Risen or conclude that the {Export Buyer's Credit Program} was not used at all'"). Commerce respectfully requests that the Court grant a voluntary remand to allow Commerce to reconsider its application of adverse facts available to determine that Ancientree benefitted from the Export Buyer's Credit Program.

B. <u>The Need For Finality Does Not Outweigh The Justification For Remand</u>

The need for finality does not outweigh the justification for remand. *See Baroque Timber Industries*, 925 F. Supp. 2d at 1339. Commerce's analysis of the Export Buyer's Credit Program has been heavily litigated in this Court. Using past cases as a guide, the Court would likely remand Commerce's application of adverse facts available in this case. Thus, the requested voluntary remand would serve judicial economy and save party resources by allowing Commerce to voluntarily reconsider the same issue. Moreover, because the subsidy rate for the Export Buyer's Credit Program is the sole issue raised in this case, remanding that issue to Commerce now will not delay adjudication of any other claim.

C. <u>The Scope Of The Remand Is Appropriate</u>

Finally, the scope of the requested remand is appropriate. *Baroque Timber Industries*, 925 F. Supp. 2d at 1339. Again, the Export Buyer's Credit Program is the only issue in this case, so granting this motion for remand is not overly broad. Moreover, the requested relief would allow Commerce to reconsider its decision with respect to the benefit conferred by the Export Buyer's Credit Program, without directing a particular outcome. In *SKF*, for example, the Court held that "remand {was} required," where there was "no indication whatsoever that Commerce {was} acting in bad faith" and there were a "range of choices left to Commerce." *See SKF*, 254 F.3d at 1030. The same is true in this case.

Should the Court grant the requested remand, we respectfully propose that the Court provide 90 days for Commerce to submit its remand results to the Court and allow comments on the remand results in accordance with Rule 56.2(h) of the Rules of the Court. This approach provides the most efficient way for Commerce to reconsider Ancientree's subsidy rate under the

Export Buyer's Credit Program, and would ensure judicial review of any remaining disputes with Commerce's remand results.

## CONCLUSION

For these reasons, we respectfully request that the Court remand this matter to Commerce for further administrative proceedings, with the remand results due 90 days after the Court's order, and further proceedings governed by Rule 56.2(h) of this Court's rules.

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

OF COUNSEL:

SAMUIL AGRANOVICH
Staff Attorney
Office of the Chief Counsel
  For Trade Enforcement & Compliance
U.S. Department of Commerce

Dated: September 29, 2025

/s/ Emma E. Bond
EMMA E. BOND
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-2034
Email: Emma.E.Bond@usdoj.gov