**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| **The Ancientree Cabinet Co., Ltd.,**<br><br>    **Plaintiff,**<br><br>**Craft33 Products, LLC,**<br><br>    **Plaintiff,**<br>**v.**<br><br>**United States,**<br><br>    **Defendant,**<br>  **and**<br><br>**American Kitchen Cabinet Alliance**<br><br>    **Defendant-Intervenor.** | **Court No. 24-00223**<br>**Judge Richard K. Eaton** |

**PLAINTIFF'S COMMENTS IN SUPPORT OF FINAL RESULTS OF
REDETERMINATION PURSUANT TO COURT REMAND**

Ronald J. Baumgarten
James K. Perry

**Baker Hostetler LLP**
1050 Connecticut Ave., NW
Suite 1100
Washington, D.C.  20036

Counsel for Craft33 Products, LLC

Dated:  April 20, 2026

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................... 1

II.   ARGUMENT ......................................................................................................... 2

    A.  This Court Should Sustain Commerce's Treatment of Importers Who  Have Demonstrated Non-Use of the EBCP ................................................................ 2

        1.  Commerce's Finding on Non-Use is Supported by Substantial Evidence and Otherwise in Accordance with Law ................................................. 3

        2.  Defendant-Intervenor's Objections on the Issue of Non-Use Are Without Merit ....................................................................................................... 5

    B.  Commerce Has the Authority to Order Customer-Specific Liquidation Rates that Result in Excluding the Amount Attributable to the EBCP ............................... 7

III.  CONCLUSION ..................................................................................................... 9

# TABLE OF AUTHORITIES

**STATUTORY PROVISIONS**

19 U.S.C. § 1675(2)(c) ............................................................................................... 7

**CASES**

*Allen v. McCurry,* 449 U.S. 90, 94 (1980) ...............................................................6, 7

*Changzhou Wujin Fine Chem. Factory Co. v. United States*, 701 F.3d 1367, 1378 (Fed. Cir.
    2012) ....................................................................................................................... 5

*Chaparral Steel Co. v. United States*, 901 F.2d 1097, 1103 (Fed. Cir. 1990) ............................ 8

*Dalian Meisen Woodworking Co., Ltd. v. United States*, 719 F. Supp. 3d 1322 (Ct. Int'l Trade
    2024) .................................................................................................................3, 5, 8, 9

*Dalian Meisen Woodworking Co., Ltd. v. United States,* 788 F. Supp. 3d 1354 (Ct. Int'l Trade
    2025) ............................................................................................................... passim

*IcdaS Celik Enerji Tersane v. Ulasim Sanayi A.S.*, 498 F. Supp. 3d 1345, 1353 (Ct. Int'l Trade
    2021) ....................................................................................................................... 8

*Mueller Comercial de Mex., S. de R.L. de C.V. v. United States*, 753 F.3d 1227, 1235 (Fed. Cir.
    2014 ......................................................................................................................... 4

*NTN Bearing Corp. of Am. v. United States*, 46 F. Supp. 3d 1375, 1383 (Ct. Int'l Trade 2015) .. 6

*Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990) ............................ 8

*Risen Energy Corp. v. United States*, 665 F. Supp. 3d 1335 (Ct. Int'l Trade 2023) ..................... 3

*Risen Energy, Co. v. United States,* 724 F. Supp. 3d 1356, 1361 (Ct. Int'l Trade 2024) ............. 5

*SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) ....................................... 6

*SolarWorld Americas, Inc. v. United States,* 962 F.3d 1351, 1361–63 (Fed. Cir. 2020) .............. 5

**REGULATIONS**

19 C.F.R. § 351.212(b)(2) ............................................................................................ 8

**OTHER AUTHORITIES**

Preliminary Decision Memorandum*, Administrative Review of the Countervailing Duty Order on
Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China;
2023,* July 7, 2025……………………………………………………………….…… 2

ii

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| The Ancientree Cabinet Co., Ltd., | |
| Plaintiff, | |
| Craft33 Products, LLC, | |
| Plaintiff, | **Court No. 24-00223** |
| v. | **Judge Richard K. Eaton** |
| United States, | |
| Defendant, | |
| and | |
| American Kitchen Cabinet Alliance | |
| Defendant-Intervenor. | |

**PLAINTIFF'S COMMENTS IN SUPPORT OF FINAL RESULTS OF
REDETERMINATION PURSUANT TO COURT REMAND**

## I.    INTRODUCTION

Plaintiff Craft33 Products, LLC ("Craft33" or "Plaintiff") hereby submits the following

Comments in Support of the Final Results of Redetermination Pursuant to Court

Remand (hereinafter, "Final Remand Results") issued by the U.S. Department of

Commerce ("Commerce") on February 17, 2026. *See* ECF #43.  These Comments are

timely filed pursuant to the Court's December 23, 2025, amended Scheduling Order.

*See* ECF #42.

1

Commerce on remand properly reconsidered its application of adverse facts available ("AFA") to China's Export Buyer's Credit Program ("EBCP") with respect to Craft33 and other customers of The Ancientree Cabinet Co., Ltd. ("Ancientree") who demonstrated non-use of the program through substantial evidence on the record. The Final Remand Results align with precedent (including *Dalian Meisen*)[1] by deducting the EBCP subsidy rate from customer-specific assessment rates where non-use was verified. Craft33's customer-specific assessment rate now properly excludes the full 6.28% attributable to the EBCP. Accordingly, Craft33 requests that the Court sustain the Final Remand Results, including the application of a 5.71% assessment rate to Craft33's entries of subject merchandise during the period of review ("POR").

## II.    ARGUMENT

### A.    This Court Should Sustain Commerce's Treatment of Importers Who Have Demonstrated Non-Use of the EBCP

Craft33 welcomes Commerce's decision to adjust the Final Results of the Third Administrative Review to reflect Craft33's non-use of the EBCP. The results of the voluntary remand are consistent with applicable AFA law and regulations and with applicable court precedent.[2]

---

[1] *See, e.g., Dalian Meisen Woodworking Co., Ltd. v. United States,* 788 F. Supp. 3d 1354, 1378-81 (Ct. Int'l Trade 2025) ("*Dalian IV*").

[2] These changes also conform to Commerce's revised and current policies towards the EBCP, including in the fourth administrative review of the order on wooden cabinets and vanities and components thereof from China. Since the time of the third review, Commerce has modified its practice as to verification of non-use of the EBCP, taking into account related court decisions and experience with the program. *See, e.g.,* Preliminary Decision Memorandum, *Administrative Review of the Countervailing Duty Order on Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China; 2023,* July 7, 2025 ("Commerce has previously found that this program is not used based on a respondent's reported non-use and because the Export Import Bank of China's public 2020, 2021, 2022, and 2023 annual reports indicate that it

### 1.     Commerce's Finding on Non-Use is Supported by Substantial Evidence and Otherwise in Accordance with Law

Commerce's treatment of the EBCP in countervailing duty investigations and administrative reviews has been the focus of extensive litigation before this Court.  *See, e.g., Dalian IV,* 788 F. Supp. 3d at 1378-81; *Dalian Meisen Woodworking Co., Ltd. v. United States*, 719 F. Supp. 3d 1322 (Ct. Int'l Trade 2024) ("*Dalian III*"); *Risen Energy Corp. v. United States*, 665 F. Supp. 3d 1335 (Ct. Int'l Trade 2023).  This Court has developed some bright-line rules. In cases where Commerce finds that the Government of China failed to provide sufficient information on the EBCP, Commerce may not apply AFA as to importers of the subject merchandise who demonstrated non-use of the EBCP through verified record evidence.  *See, e.g., Dalian III,* 719 F. Supp. 3d at 1336-37.  Moreover, "It is worth noting that most of the cases that have come before this Court, with records similar to the record in this case, have directed Commerce to exclude the Program from its subsidy calculations." *Dalian IV*, 788 F. Supp. 3d at 1360 n.13.[3]

In the appeal of the underlying investigation of *Wooden Cabinets and Vanities and Components Thereof from China*, the Court sustained Commerce's redetermination

---

did not extend concessional facilities pursuant to the Export Buyer's Credit program to North America. Therefore, based on our current understanding of the EBC program as verified in *2,4-D from China*, the respondents have substantiated that they did not use the program during the POR. Accordingly, we preliminarily find that   the respondents nor their cross-owned companies used this program.") (unchanged in final).

[3] The Court has also observed that "in all the cases of this kind that have been brought before this Court, there has been placed on the record only evidence of non-use of the Program and no evidence of actual use." *Dalian IV,* 788 F. Supp. 3d at 1381 (citing *Risen Energy Co.*, 665 F. Supp. 3d at 1344 & n.7).

3

on remand, which implemented the Court's direction to recalculate the rates of importers who had demonstrated non-use, including Craft33. *See Dalian IV,* 788 F. Supp. 3d at 1378-81. The Court, in rejecting the Petitioner's request for another remand, found:

> {W}ith respect to certain of Ancientree's customers, not only was the use of adverse facts available not supported, but even the use of neutral facts available was not supported by substantial evidence because non-use was actually demonstrated by the evidence on the record. For those of Ancientree's customers where that was done, there were no gaps in the record. *Id.* at 1379.[4]

In the third review involving "the same CVD proceeding, the same parties, and virtually the same issues and facts regarding the treatment of the EBCP,"[5] the United States sought a voluntary remand "to allow the Department of Commerce to reconsider the application of facts available with an adverse inference to calculate the benefit to plaintiff, The Ancientree Cabinet Co. (Ancientree), under the {EBCP}." Def. Motion for Voluntary Remand, ECF #36. Commerce's Final Remand Results align the outcome of the Third Administrative Review with the law on non-use of the EBCP. *See* Final Remand Results at 12-17, ECF #43.

Citing to the Federal Circuit, this Court has observed that "there is a great deal of law discouraging the use of the failure of a third party (such as China) to comply with questionnaires as a basis for applying adverse facts available." *Dalian IV,* 788 F. Supp. 3d at 1380 (citing *Mueller Comercial de Mex., S. de R.L. de C.V. v. United States*, 753 F.3d 1227, 1235 (Fed. Cir. 2014); *Changzhou Wujin Fine Chem. Factory Co. v. United*

---

[4] Craft33 (Customer L) was one of the customers who proved non-use and was accorded a deduction for the ECBP in the appeal of the underlying investigation. *See* Craft33 R. 56.2 Br. at 19, ECF #34.

[5] Final Remand Results at 12-13, ECF #43.

*States*, 701 F.3d 1367, 1378 (Fed. Cir. 2012); *Risen Energy, Co. v. United States,* 724 F. Supp. 3d 1356, 1361 (Ct. Int'l Trade 2024)).  Commerce in the Final Remand Results has recognized this fact and adjusted assessment rates where non-use of the EBCP was demonstrated.  *See* Final Remand Results at 15-16, ECF #43.

Commerce's findings as to Craft33 are based upon substantial record evidence, which Plaintiff articulated to the Court at length in its Rule 56.2 Brief at 16-19, ECF #34 (providing numerous record citations as to evidence of non-use).  As Commerce in the Final Remand Results concluded, "In light of the Court's ruling in *Dalian Meisen III*, and consistent with the Court-directed methodology in *Dalian Meisen III* Redetermination, we find that we are able to rely on the information provided by Ancientree's U.S. customers that responded to our EBCP supplemental questionnaires as verifiable evidence that those U.S. customers did not use the EBCP." Final Remand Results at 15, ECF #43.

### 2.    Defendant-Intervenor's Objections on the Issue of Non-Use Are Without Merit

Defendant-Intervenor American Kitchen Cabinet Alliance ("AKCA") appears unwilling to acknowledge settled law and would seek to prolong this litigation with an unnecessary remand and yet more briefing.  AKCA reargues in defense of a legal interpretation that Commerce itself has abandoned in this proceeding (and others). *See, e.g., SolarWorld Americas, Inc. v. United States,* 962 F.3d 1351, 1361–63 (Fed. Cir. 2020).  Were this Court to grant another remand, Craft33 and Ancientree's other similarly situated customers would become captive to the Petitioner's intransigence.

The AKCA claims that Commerce lacked a "valid legal basis" for the remand and outright threatens to appeal to the U.S. Court of Appeals for the Federal Circuit

("Federal Circuit").  AKCA Cmts. at 7, #47 ("If the CIT does not correct this situation on its own, this case should be overturned by the Federal Circuit as being contrary to U.S. law in a way that is totally undermining any ability of Commerce to induce cooperation by the GOC in countervailing duty investigations.").  This case, however, was an appropriate one for voluntary remand, as the United States explained fully in its Motion for Voluntary Remand, ECF #36.  (Craft33 consented to that motion.)  The AKCA's rhetoric does not change the appropriateness of voluntary remand here, where Commerce had a "'substantial and legitimate interest'" in accounting for this Court's jurisprudence in the *Dalian* case, which involved "the same program in the underlying investigation."  Def. Motion for Voluntary Remand at 7, ECF #36 (quoting *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001)).

The AKCA's decision to oppose the Final Remand Results is somewhat perplexing given existing and settled jurisprudence on the very issues now before this Court.  The Defendant-Intervenor's attempt to re-litigate the *same* issues related to nearly the *same* facts, related to the underlying investigation of the *same* CVD order, involving the *same* parties, and before the *same* judge, raises an issue of collateral estoppel.  *See, e.g., NTN Bearing Corp. of Am. v. United States*, 46 F. Supp. 3d 1375, 1383 (Ct. Int'l Trade 2015) ("'Once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'") (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)).

AKCA, as Defendant-Intervenor in the *Dalian* cases, had the opportunity to argue (and appeal) the same dispositive issues with respect to Commerce's treatment of the EBCP and did not.  *See id.* (noting that collateral estoppel is permitted "so long as the

6

losing party had the 'full and fair opportunity' to litigate that issue in the earlier case.")
(citing *Allen,* 449 U.S. at 95).[6]  That litigation, after three remands and four decisions
from this Court, ended in the exact same outcome being sought by Plaintiffs here.  This
Court should not entertain Defendant-Intervenor's attempt to re-introduce and re-litigate
that which has already been subject to final judgment.

### B.    Commerce Has the Authority to Order Customer-Specific Liquidation Rates that Exclude the Amount Attributable to the EBCP

Commerce properly calculated the assessment rate for Craft33 and other
Ancientree customers who proved non-use of the EBCP.  Following voluntary remand,
Craft33's final customer-specific rate – excluding the full amount attributable to the
EBCP (6.28%) – is 5.71%.  AKCA, however, has objected to the Final Remand
Results, claiming that Commerce lacks authority to issue customer-specific
assessment rates.   *See* AKCA Cmts. at 9-12.  This argument misconstrues the CVD
law and again ignores this Court's prior decisions upholding customer-specific rates.

The Tariff Act requires that the final results of an administrative review "be the
basis for the assessment of countervailing . . . duties on entries of merchandise
covered by the determination and for deposits of estimated duties."  19 U.S.C. §
1675(2)(c).  Commerce's regulations provide that Commerce "*normally* will instruct
U.S. Customs and Border Protection to assess countervailing duties by applying the
rates included in the final results of the review to the entered value of the

---

[6] *See also Dalian IV,* 788 F. Supp. 3d at 1360 n.13 ("As the court has noted in prior
opinions, the Program has been vigorously litigated in cases before this Court. To date,
the merits of these cases have yet to be reviewed by the Federal Circuit.").

merchandise." 19 C.F.R. § 351.212(b)(2) (emphasis added). Commerce, however, retains discretion to modify the individual assessment rates.

The overall aim of the CVD law is "remedial" and not "punitive." *IcdaS Celik Enerji Tersane v. Ulasim Sanayi A.S.*, 498 F. Supp. 3d 1345, 1353 (Ct. Int'l Trade 2021) ("These CVD actions are intended to be remedial rather than punitive in nature. . ." ) (citing *Chaparral Steel Co. v. United States*, 901 F.2d 1097, 1103 (Fed. Cir. 1990); *Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990)). Commerce therefore has "a duty to determine rates as accurately as possible." *Id.*

In this case, Commerce has properly carried out its mandate under the Tariff Act, and its assessment of customer-specific rates is consistent with the statute and regulations. The EBCP is somewhat different when compared to other alleged subsidies bestowed by a foreign government. Normally, a financial contribution (loan, grant, purchase of a good) is made directly to the exporter or producer, who is the mandatory respondent in a CVD investigation or review. Here, in the case of EBCP, the purported benefit would flow *directly* to the importer of record or customer,[7] who is also in a position to know whether it applied for and utilized the ECBP during the POR. Hence Commerce asked in the third review for evidence concerning use from Ancientree's customers, and Craft33 demonstrated non-use.

---

[7] *See, e.g., Dalian III,* 719 F. Supp. 3d at1325 ("The Program, which is administered by China's Export-Import Bank, is designed to promote the sale of Chinese exports by providing loans at preferential rates to foreign purchasers (including, at least potentially, those in the United States), directly or through third-party banks.").

8

When determining final CVD liability, Commerce would be acting punitively to order CBP to assess a duty on a customer who demonstrated – either directly or through reporting by the exporter/producer or both — the non-use of the EBCP. Including the program would also disregard Commerce's obligation to set accurate CVD assessment rates.

This Court took a similar position in the *Dalian* litigation, which involved the same order and the same parties. There, the Court rejected AKCA's arguments that Commerce lacked the authority to adjust customer-specific rates to account for non-use of the EBCP. *See Dalian IV*, 788 F. Supp. 3d at 1380-81; *Dalian III*, 719 F. Supp. 3d at 1336. Craft33 was therefore assigned CVD rates that deducted the amount attributable to the EBCP. AKCA is once again attempting to relitigate issues that were resolved in earlier related litigation in which it was on the losing side. Collateral estoppel operates to prevent such absurd results.

Commerce on remand made the proper adjustment to Craft33's initial assessment rate, which was set at 11.99%. As Craft33 demonstrated through record evidence in the third review, it never used the EBCP, and hence, should not be made to pay duties to countervail a program from which it never benefited. *See* Final Remand Results at 8-9, ECF #43; *see also* Craft33 R. 56.2 Brief at 16-19, ECF #34. The lawful decision was to deduct the full 6.28% attributable to the EBCP from Craft33's customer-specific rate, resulting in a final rate of 5.71% for Craft33.

## III.    CONCLUSION

For the reasons outlined in these Comments, Craft33 respectfully requests that this Court:

1.      Sustain Commerce's Final Remand Results as supported by substantial evidence and otherwise in accordance with law;

2.      Enter judgment in favor of Craft33;

3.      Remand with directions for Commerce to liquidate Craft33's entries of subject merchandise for the POR at 5.71%; and

4.      Grant Craft33 such additional relief as the Court may deem just and proper.

Respectfully submitted,

Ronald J. Baumgarten
James K. Perry

Baker Hostetler LLP
Counsel to Craft33 Products, LLC

Dated: April 20, 2026

10

## Word Certification

Pursuant to the Court's Rules and applicable Chambers Procedures, I hereby certify that this brief complies with the applicable word limitation. The word count for this filing, as computed by BakerHostetler LLP's word processing system (Microsoft Word Version 2602), is: ___**2513**___


_____

Ronald J. Baumgarten
James K. Perry
Baker Hostetler LLP
Counsel to Craft33 Products, LLC
Date: April 20, 2026